Filed 1/22/21  P. v. Garcia CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>MELISSA GARCIA,<br><br>  Defendant and Appellant. | B299615<br><br>(Los Angeles County<br>Super. Ct. No. BA283054) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, David E. Madeo and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Melissa Garcia petitioned for resentencing under Penal Code[1] section 1170.95. The trial court summarily denied the petition. She appeals and contends that she was entitled to have counsel appointed. We disagree.

## BACKGROUND[2]

In 2002, Garcia drove two men to a location where the victim Aileen Alvarez was walking. The men were Mara Salvatrucha gang members, and Garcia was either a member or associate of the gang. The men believed that Alvarez was going to testify against a fellow gang member. At gunpoint, the men forced a struggling Alvarez into the car, and Garcia drove away. That night, Alvarez's body was found. She had been shot in the head and back. In a statement to detectives, Garcia said she had been driving with the men when they saw Alvarez. When Garcia stopped the car at the men's behest, she had a feeling something was going to happen to Alvarez. Garcia drove to a residential area where the men made Alvarez get out of the car. One of the men shot Alvarez. Garcia denied prior knowledge of any order to kill Alvarez. Once Alvarez got into the car, Garcia was just doing what she was told.

A jury found Garcia guilty of first degree murder (§ 187, subd. (a); count 1) with true findings on two special circumstance allegations (§ 190.2, subd. (a)(10) [killing a witness] & (17) [kidnapping]) and kidnapping (§ 207, subd. (a); count 2). As to

---

[1] All further statutory references are to the Penal Code.

[2] The background is from the opinion affirming the judgment of conviction, *People v. Garcia* (July 14, 2010, B212638) [nonpub. opn.]. Garcia attached that opinion to her petition and agrees it may be considered as part of her record of conviction.

both counts, the jury found true principal-gun use (§ 12022.53, subds. (b), (c), (d) & (e)) and gang allegations (§ 186.22, subd. (b)(1)). The trial court sentenced Garcia to life without the possibility of parole plus 25 years to life.

Thereafter, our Legislature passed Senate Bill No. 1437 (2017–2018 Reg. Sess.), which took effect January 1, 2019. That law amended the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder, all to the end of ensuring that a person's sentence is commensurate with their criminal culpability. Based on that new law, a person convicted of murder under a felony murder or natural and probable consequences theory may petition the sentencing court for vacation of the conviction and resentencing, if certain conditions are met. (§ 1170.95.)

In 2019, Garcia petitioned for resentencing under Senate Bill No. 1437. In her petition and accompanying declaration, Garcia alleged she met the requirements for relief. The trial court denied the petition without appointing counsel for Garcia based on its conclusion that the special circumstance findings rendered her ineligible as a matter of law.

Garcia appealed, and her appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436. We requested supplemental briefs.

## DISCUSSION

Garcia contends the trial court erred by summarily denying the petition without appointing counsel for her. The People respond that the special circumstance findings preclude relief as a matter of law. As we explain, the trial court did not err by summarily denying Garcia's petition.

Under Senate Bill No. 1437, malice may no longer be imputed to a person based solely on the person's participation in the crime; now, the person must have acted with malice aforethought to be convicted of murder. (§ 188; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.) To that end, the natural and probable consequences theory of accomplice liability no longer applies to murder. A participant in enumerated crimes is liable under the felony-murder doctrine only if the participant was the actual killer; or with the intent to kill, aided and abetted an accomplice in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e); see *Munoz*, at pp. 749–750.)

Senate Bill No. 1437 also created a petitioning process by which defendants convicted of murder under a now invalid theory can be resentenced. Newly added section 1170.95, subdivision (a) provides that individuals who meet three conditions are eligible for relief: (1) the person must have been charged with murder under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) convicted of first or second degree murder, and (3) could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019. (See generally *People v. Drayton* (2020) 47 Cal.App.5th 965, 973.)

Courts of Appeal are divided on how to interpret section 1170.95; for example, when counsel must be appointed under subdivision (c) of that section.[3] So far, most appellate courts

---

[3] The Supreme Court is reviewing whether superior courts may consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief

have held that subdivision (c) requires trial courts to undertake two prima facie reviews before issuing an order to show cause— first, under the first sentence of the provision, "that the petitioner falls within the provisions of this section," and second, under the last sentence of the provision, that the petitioner "is entitled to relief"—and that it need not appoint counsel and the prosecution need not file a response until after the first prima facie review is complete. (§ 1170.95, subd. (c); see, e.g., *People v. Tarkington* (2020) 49 Cal.App.5th 892, review granted Aug. 12, 2020, S263219; *People v. Drayton*, *supra*, 47 Cal.App.5th at pp. 975– 976; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 323, 329, review granted Mar. 18, 2020, S260493.)

Another view is that the first sentence of section 1170.95, subdivision (c), states the rule—the " ' "court shall review the petition and determine if the petitioner has made a prima facie showing that [he or she] falls within the provisions of this section" ' "—and " '[t]he rest of the subdivision establishes the process for complying with that rule: Appoint counsel, if requested. Wait for the prosecutor's required response and the petitioner's optional reply. If the petitioner makes a prima facie showing, issue an order to show cause.' " (*People v. Cooper* (2020) 54 Cal.App.5th 106, 115, review granted Nov. 10, 2020, S264684.)

Another area in which Courts of Appeal are divided is the interplay between a section 1170.95 petition and a special circumstance finding that predates our California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and

---

under section 1170.95 and when the right to appointed counsel arises under subdivision (c) of that section. (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.)

*People v. Clark* (2016) 63 Cal.4th 522. *Banks* and *Clark* clarified the definitions of major participant and of reckless indifference to human life.

Some Courts of Appeal conclude that defendants such as Garcia are ineligible for relief. They characterize petitions such as Garcia's as challenges to the special circumstance finding. (See, e.g., *People v. Jones* (2020) 56 Cal.App.5th 474; *People v. Allison* (2020) 55 Cal.App.5th 449; *People v. Murillo* (2020) 54 Cal.App.5th 160, 167–168, review granted Nov. 18, 2020, S264978; *People v. Gomez* (2020) 52 Cal.App.5th 1, 16–17, review granted Oct. 14, 2020, S264033; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142–1143, review granted Oct. 14, 2020, S264284.) As such, they have held that a section 1170.95 petition is not the appropriate vehicle to make that challenge; it should be made via a writ of habeas corpus. (See, e.g., *Galvan*, at p. 1142; *Gomez*, at p. 17.) *Galvan*, at page 1142, also reasoned that a defendant convicted of murder with special circumstance findings pre-*Banks* and *Clark* could not be convicted of murder because of *clarifications* to the law per those cases rather than because of *changes* Senate Bill No. 1437 made to sections 188 and 189.

Another appellate court has disagreed and argues that characterizing a section 1170.95 petition as a challenge to a special circumstance finding misapprehends the nature of the petition. (See, e.g., *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People v. York* (2020) 54 Cal.App.5th 250, 260, review granted Nov. 18, 2020, S264954.) A section 1170.95 petition is a challenge to a *murder conviction* "that can obviously result in a vacatur of a special circumstance finding as a collateral

consequence." (*York*, at pp. 263–264 (conc. opn. of Baker, J.); *Smith*, at p. 94.) *York*, at page 261, further observes, "What permits a defendant convicted of felony murder to challenge his or her murder conviction based on the contention that he or she was not a major participant in the underlying felony who acted with reckless indifference to human life, are the changes to Senate Bill 1437 made to sections 188 and 189, and in particular, the addition of section 189, subdivision (e)(3), not the rulings in *Banks* and *Clark*."

We need not discuss these disputes in depth, because Garcia is ineligible for section 1170.95 relief under the doctrine of law of the case. The law of the case doctrine precludes multiple appellate reviews of the same issue in a single case. (*People v. Barragan* (2004) 32 Cal.4th 236, 246–247.) At Garcia's trial, the jury was instructed that if it found a defendant guilty of murder in the first degree, the jury then had to determine if one or both of the special circumstances was true. As for the witness-killing special circumstance, the jury was not instructed that intent to kill was an element of the offense. The jury was thus instructed that unless "an intent to kill is an element of a special circumstance, if you are satisfied beyond a reasonable doubt that a defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true. [¶] If you find that a defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, or assisted any actor in the commission of the murder in the first

7

degree, or with reckless indifference to human life and as a major participant, aided, abetted, or assisted in the commission of the crime of kidnapping, which resulted in the death of a human being." Under this instruction, the jury could have found Garcia guilty of the witness-killing special circumstance on any of three theories: she was the actual killer (although it does not appear that was a theory of the case), a direct aider and abettor who had the intent to kill, or she was an aider and abettor who was a major participant that acted with reckless indifference to human life.

Garcia contended in her direct appeal from the judgment of conviction that the jury was erroneously instructed on the witness-killing special circumstance because it did not tell the jury it had to find that she harbored an intent to kill. A different panel of this division did not directly resolve the issue. (*People v. Garcia*, *supra*, B212638.) Instead, it found "overwhelming evidence" that Garcia "intended to kill and harbored more culpable mental states" such that any failure to instruct on intent to kill was harmless. (*Id.* at p. *22.) Given this finding that there was "overwhelming evidence" of Garcia's intent to kill, which finding we cannot revisit, Garcia is ineligible for relief under section 1170.95. Stated otherwise, to state a prima facie case for relief, section 1170.95, subdivision (a)(3) required Garcia to show she "could not be convicted of first or second degree murder" because of the changes to section 188 or 189. She cannot make that showing because, per the opinion affirming Garcia's judgment of conviction, she could be convicted of murder because of the "overwhelming evidence" of her intent to kill.

8

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.


DHANIDINA, J.


I concur:


EDMON, P. J.

LAVIN, J., Concurring:

I agree we should affirm the trial court's order because any error in this case was harmless under any standard of prejudice. Melissa Garcia's petition, which attached a copy of this court's opinion in her direct appeal, established that she was ineligible for relief under Penal Code section 1170.95.


                                                    LAVIN, J.